UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM KLEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10 C 6578 |
| KANE COUNTY, ILLINOIS; ) | |
| PATRICK KEATY; PATRICK PEREZ; ) | Judge John W. Darrah |
| OFFICER THOMAS; ) | |
| SERGEANT DESJARDINE; ) | |
| OFFICER LAVIGNE; KRISTINA CALI; ) | |
| OFFICER MARCRUM; ) | |
| SERGEANT FLOWERS; ) | |
| OFFICER SHAFF; OFFICER SWAINE; ) | |
| SERGEANT SMITH; ) | |
| OFFICER HILLIARD; ) | |
| OFFICER TRYGAR; ) | |
| SERGEANT HUSTON; ) | |
| OFFICER MILLER; OFFICER LANG; ) | |
| SERGEANT EBY; ) | |
| SERGEANT GORDON; ) | |
| SERGEANT PLEITT; ) | |
| OFFICER MCCLANAHAN; ) | |
| OFFICER HENDRIIKSEN; ) | |
| OFFICER LUNGREN; ) | |
| PRISON HEALTH SERVICES; ) | |
| MARIE LAVAUD; ) | |
| MAURA SWEDLER; ) | |
| LAUREL MAKULA; LOUIS PEACH; ) | |
| DR. KUL SOOD; SANDRA VIRGO; ) | |
| DR. YOUNG KIM; ) | |
| VERONICA WOODARD; ) | |
| BETTY WEBSTER; ) | |
| TRACY TAMADONG; | |
| KATHERINE POWELL; | |
| COLLEEN RYAN; DEBRA KILBERY; | |
| CAROLE RYAN; CATHERINE INDIA; | |
| and TAMMIE CADENAS, | |
| | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, William Klein, has filed a Third Amended Complaint, pursuant to 42 U.S.C. § 1983, in which he claims that his constitutional rights were violated based on allegations that he did not receive appropriate medical care at Kane County Adult Corrections Center ("KCACC") in the fall of 2008. Klein brings his Complaint against Kane County, Sheriff Patrick Perez of Kane County, numerous Kane County Correctional Officers, and various medical personnel employed by Prison Health Services ("PHS") at KCACC. Before the Court is Defendant Kane County, Sheriff Patrick Perez of Kane County, and all Kane County Correction Officers'[1] Motion to Dismiss.

## BACKGROUND

The following facts are drawn from Klein's Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

On October 18, 2008, Klein was transported to KCACC and was held in the Intake/Release section of the prison until approximately 3:30 p.m. (Third Am. Compl. ¶ 48.) During this time, Klein came into contact with Officers Marcrum and Thomas and

---

[1] This Motion was filed on behalf of the following individual officers: Smith, Hilliard, Lavigne, McClanahan, Marcrum, Lungren, Patrick Keaty, Swaine, Lang, Eby, Hendriiksen, Huston, Pleitt, Patrick Perez, Shaff, Desjardine, Flowers, Trygar, Thomas, Gordon, and Miller (collectively, the "Individual Officers"). Klein's Complaint also includes numerous allegations against PHS and its medical staff, but these Defendants have not filed a motion to dismiss. Therefore, the allegations against these Defendants are not at issue here.

Sergeants Desjardine and Flowers and advised them that he has advanced glaucoma and needed his eyeglasses and glaucoma medications. (*Id.*) Klein alleges that he advised the aforementioned officers and sergeants that "missing even one dose of his prescription and medications could result in blindness and irreparable damage to his retinas and optic nerves." (*Id.*) Klein also told these officers and sergeants that he had missed a scheduled dose of his medications on October 17, 2008.

Later that day, Klein was sent to the "C Block" in KCACC. (*Id.* ¶ 49.) Klein alleges that he made statements to Defendants LaVigne, Shaff, Gorgon, Huston, Hendriiksen, Lungren, Miller, Flowers, Swaine, Eby, Smith, Trygar, Hilliard, McClanahan, Lang, and Pleitt, who were working in the C Block at the time, identical to those mentioned above regarding his glaucoma. (*Id.*) Klein also alleges that he advised "all Kane County medical staff employed by Defendant PHS and working at KCACC" of his glaucoma condition and need for glaucoma medications. (*Id.* ¶ 54.) Klein does not specify which employees were working at this time.

Also on October 18, 2008, Klein alleges that Defendant Thomas filled out a medical questionnaire. (*Id.* ¶ 52.) Klein alleges that he repeated the same statements regarding his glaucoma condition to Officer Thomas. (*Id.* ¶ 53.) But despite this, Klein alleges, his medical questionnaire does not indicate that Klein is physically handicapped for not having prescription eyeglasses or that he needs prescription glaucoma medications. (*Id.*)

On October 21, 2008, Klein was transferred to the "N Block" at KCACC. (*Id.* ¶ 50.) Klein alleges that he made statements to Defendants Lungren and Hendriiksen, who

3

were working in the N Block during this time, identical to those mentioned above regarding his glaucoma. (*Id.*) Klein alleges that "each and every guard refused to provide [him] with his glaucoma medication and/or failed to take appropriate measures to ensure [he] received his medications in a timely fashion." (*Id.* ¶ 51.)

Klein alleges from October 18-22, 2008, he informed "all jail staff personnel" and "medical staff employed by PHS" with whom he came into contact that he had various symptoms, including dizziness, loss of vision, blurred vision, and extreme headaches, as a result of not taking his prescription medications. (*Id.* ¶¶ 61, 63, 65, 68, 70.) On October 22, 2008, Klein received his glaucoma medications; but medical personnel at PHS directed Klein to take the prescriptions in a manner that is inconsistent with that prescribed by his doctor. (*Id.* ¶ 71.)

On November 19, 2008, Klein was transported to his ophthalmologist, Dr. Hawkins, and Klein was told he needed to have surgery on his left eye. (*Id.* ¶ 73.) When Klein was transported back to KCACC, he alleges that Dr. Young Kim told him that he could not have the surgery. (*Id.*) Klein alleges that KCACC and PHS had a policy under which inmates were not allowed to take medications that were prescribed to them by outside doctors. (*Id.* ¶ 74.) Instead, Klein alleges, a PHS physician decides which medications an inmate receives. (*Id.*) Klein further alleges that due to Kane County's policy regarding the administration of prescription medications, Klein missed five days of his prescription medication regimen. (*Id.* ¶ 78.)

Klein filed his original Complaint on October 14, 2010, alleging false arrest, illegal search and seizure, and deliberate indifference to a serious medical condition

against the Village of Elgin. (Dkt. No. 1.) Klein also included a claim of deliberate indifference to a serious medical condition against Kane County and at least 45 correctional security personnel and 20 correctional medical personnel at KCACC. (*Id.*) This Court dismissed Klein's Complaint pursuant to 28 U.S.C. § 1915A. (*See* Dkt. No. 6.) Certain of the Defendants filed a motion to dismiss on January 20, 2011. In lieu of filing a response, Klein was given leave to file a Second Amended Complaint. The same Defendants filed another motion to dismiss on March 22, 2011. In lieu of filing a response, Klein was given leave to file a Third Amended Complaint to cure its deficiencies. On May 3, 2011, Klein filed a Third Amended Complaint and a motion to voluntarily dismiss certain Defendants pursuant to Fed. R. Civ. P. 41(a). The motion was granted, and at least 28 defendants were dismissed from the case.

In Count I of Klein's Third Amended Complaint, he alleges deliberate indifference to medical needs pursuant to 42 U.S.C. § 1983 against all Defendants. In Count II, Klein brings a *Monell* claim against Kane County and Sheriff Perez. In Count III, Klein alleges intentional infliction of emotional distress against all Defendants. Count IV is a claim for indemnification against Kane County.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526

F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

The Defendants first argue that the substantive claims against Kane County should be dismissed. Presumably, Defendants are referring to Counts I, II, and III of Klein's Third Amended Complaint. The Defendants argue that Illinois county boards cannot be held liable for the actions of county sheriffs and that suits against sheriffs in their official capacity are in reality suits against the county sheriff's department, not the county board.

Under Illinois law, "counties may not be held liable under *respondeat superior* for the actions of their sheriffs even though Illinois sheriffs are county officers." *Franklin v.*

*Zaruba*, 150 F.3d 682, 685 (7th Cir.1998) (*Franklin*) (citing *Moy v. Cnty. of Cook*, 159 Ill.2d 519, 531 (1994)). This is because "the sheriff is an agent of the county sheriff's department, an independently-elected office that is not subject to the control of the county in most respects." *Franklin*, 150 F.3d at 685.

Klein argues that *Franklin* is inapposite because he is bringing a claim under *Monell*. *See Monell v. Dep't. of Social Serv. of City of New York*, 436 U.S. 658, 690 (1978) (*Monell*). But *Monell* applies to suits brought against government entities for constitutional deprivations that are alleged to be caused by the government's policies or customs. Here, Klein alleges that his constitutional rights were violated in KCACC, which is under the direction of the sheriff, not Kane County. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), *cert. denied*, 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990) (*Thompson*) ("The Cook County Jail, and the Cook County Department of Corrections, are solely under the supervision and control of the Sheriff of Cook County. The Sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners."). Therefore, Kane County is dismissed from the lawsuit as to Counts I, II, and III. *See Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) (affirming dismissal of Dupage County as a defendant, holding that the sheriff is a policymaker for the county's sheriff's office, not for the county itself); *see also Thompson*, 882 F.2d at 1187.

Defendants next argue that Klein has failed to state a claim for deliberate indifference to a serious medical condition against Sheriff Perez or the Individual Officers in their individual capacities in Count I. Deliberate indifference involves a two-

part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (*Sherrod*). An objectively serious medical condition is one that is "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007). To satisfy the subjective prong of deliberate indifference, the plaintiff must allege that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Sherrod*, 223 F.3d at 610. "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment but disregarded the risk by failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir.1997).

Defendants argue that Klein has failed to allege facts establishing that the Sheriff or other officers would find that Klein's glaucoma condition was a serious medical condition. (Mot. at 6.) Klein alleges that he informed each of the Individual Officers of the seriousness of his glaucoma and its potential complications. Klein further alleges that on October 20, 2008, he sent Sheriff Perez a letter, "begging for his prescription glaucoma medications and stating that he was going blind without his medication." Based on this, Klein has alleged facts sufficient to satisfy the objective element of a deliberate indifference claim.

However, regarding the subjective requirements of Klein's claim, Klein has failed to demonstrate that the Defendants were deliberately indifferent to his serious medical condition. Klein sets forth the conclusory allegation that "each and every guard refused

to provide Plaintiff with his glaucoma medication and/or failed to take appropriate measures to ensure Plaintiff received his medications in a timely fashion." (Third Am. Compl. ¶ 53.) *See Iqbal*, 129 S. Ct. at 1949 (holding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Klein does not plead any details to support his conclusory assertion. Moreover, other allegations in the Third Amended Complaint demonstrate that he cannot state a claim against these Defendant officers who are the subject of this Motion to Dismiss.

Klein alleges that he came into contact with "Kane County medical staff employed by Defendant PHS" on October 18, 2008. (Third Am. Compl. ¶ 54.) Thus, on the same day he gave medical information to the Individual Officers, Klein saw medical personnel. Klein then alleges that: he advised all the medical personnel at PHS of his need for glaucoma medication, and the medical personnel ignored his requests for glaucoma medications; when he was given his medications, the medical personnel directed him to take the medication without waiting a sufficient time between doses; certain physicians at PHS refused to allow Klein to obtain a surgery his outside physician indicated he needed; and medical personnel delayed giving him his glaucoma prescriptions. (*See* Third Am. Compl. ¶¶ 54-59, 71, 75-77.)

Therefore, Klein's Third Amended Complaint alleges that he was taken to receive medical attention on the *same day* he arrived at KCACC. Defendants' Motion to Dismiss Count I must be granted as to the Individual Officers. Klein's allegations conclusively demonstrate that he cannot state a claim for deliberate indifference to a serious medical condition against Sheriff Perez or the Individual Officers.

Klein has had several opportunities to amend his Complaint. Any amendment at this point would be futile; therefore, Count I is dismissed with prejudice as to the Individual Officers. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (*Bethany*) (holding that "[t]he district court did not abuse its discretion in refusing to allow the amendment on the grounds that it would be futile."); *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) ("Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.").

The Defendants also argue that in Count II, Klein has failed to state a claim against Kane County Sheriff Perez in his official capacity in Count II because he has failed to allege an express policy that would cause a constitutional deprivation. "When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). "To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury." *Id.* (citing *Monell*, 436 U.S. at 694). Under *Monell*, three different grounds exist for an official policy claim: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas*, 604 F.3d at 303 (citing *Monell*, 436 U.S. at 690). An "official capacity claim must at a minimum include

allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

Klein alleges that KCACC "unreasonably failed to provide inmates with prescribed medications in a timely manner" and "fail[ed] to implement procedures to ensure that detainee medical requests are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner." (Third Am. Compl. ¶¶ 87-89.) Klein further sets forth the conclusory allegation that "the above-described policies were widespread, and were known, or should have been known by Kane County and Sheriff Perez." (*Id.* ¶ 88.) But Klein offers no supporting allegations. Without such allegations, Klein fails to meet the requirements of pleading a *Monell* claim. Specifically, although Klein alleges that the above-referenced practices were "widespread," he alleges only one incident – relating to him – that was caused by KCACC's alleged policies. Klein has failed to allege that KCACC's practices were "widespread and reflective of a policy choice" by the Kane County Sheriff. *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (*Grieveson*). And although "it is not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to his experience," Klein has set forth no allegations that what is at issue is a "true municipal policy" rather than a "random event." *Id.* For these reasons, Defendants' Motion to Dismiss Count II is granted. Furthermore, in light of Klein's lack of requisite allegations and the opportunities that Klein has had to present a successful complaint, any

amendments to Klein's Third Amended Complaint at this point would be futile. *See Bethany*, 241 F.3d at 861.

Because there are no claims left standing against Sheriff Perez in his official capacity, Klein's claim for indemnification (Count IV) against Kane County is also dismissed. *See Carver v. LaSalle Cnty.*, 324 F.3d 947 (7th Cir. 1998) (holding that under Illinois law, county is required to pay for a judgment entered against the county sheriff in his official capacity). Nor are there any claims left standing against the Individual Officers. *Miller v. Zaruba*, No. 10-cv-6533, 2011 WL 1630679, at *6 (N.D. Ill. Apr. 28, 2011) (permitting indemnification claim to stand where claims against individual officers in their individual and official capacities remained after resolution of a motion to dismiss). The Defendants' arguments regarding qualified immunity are moot as all claims Klein has asserted against Sheriff Perez and the Individual are dismissed.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss [119, 120] is granted. Kane County is dismissed from the suit. Count I is dismissed with prejudice as to the Individual Officers. Count II is dismissed in its entirety with prejudice.

Date: 8-18-11

JOHN W. DARRAH
United States District Court Judge